REID, Judge.
Plaintiff Securities Finance Company, Inc., filed suit for foreclosure via ordinarie against defendants Ogden Wise White and Altha D. White, No. 12799, on the docket of the 21st Judicial District Court, Parish of Livingston, alleging that it was the holder and owner of a certain installment note dated May 13, 1963 executed by defendants Ogden Wise White and Altha D. White, payable to the order of petitioner for the sum of $1728.00 payable in 48 monthly installments of $36.00 each. Plaintiff further alleged the said note was secured by a collateral mortgage note dated April 7, 1962 executed by the same defendants and endorsed in blank, payable on demand, which mortgage note was paraphed ne varietur by Ralph Brewer, a Notary Public, for identification with an act of chattel mortgage dated April 7, 1962 covering certain household furniture fully described in the petition.
In due course plaintiff secured a judgment by default which was rendered and signed on November 8, 1963 which judgment was for a balance of $1693.69 with 8% per annum interest from July 22, 1963 until paid, and 15'% attorneys fees, Court costs and recognized the pledge for the payment of the debt by defendants of their $1296.00 collateral mortgage note and the collateral chattel mortgage.
Plaintiff then filed Suit No. 97375 in the 19th Judicial District Court, Parish of East Baton Rouge, seeking recognition of the November 8, 1963 Livingston Parish judgment and garnishment of defendant, Ogden Wise White’s wages with Humble Oil and Refining Company. Plaintiff then in the 21st Judicial District Court, in Suit No. *397 12799, seized the collateral mortgage note, which note was advertised and sold at public auction for the sum of $167.00, being two-thirds its appraised value. The Court costs amounted to $68.00, and credit should he made on the writ for the balance of the sale. Plaintiff then filed Suit No. 98392 on the docket of the 19th Judicial District Court, seeking $1296.00 money judgment against defendant which they claim was the balance due on the collateral mortgage note. Defendants filed exception of improper venue and the suit was transferred to the 21st Judicial District Court where it became No. 13324, and is still pending.
Defendants filed a reconventional demand in that suit against plaintiff seeking damages totalling $3000.00 Much of these facts are gleaned from the briefs of the attorneys as the only record before us is the Suit No. 12799 on the docket of the 21st Judicial District Court, and we believe it is necessary to better understand the case to mention the other suits.
Subsequently, the original defendants, Ogden Wise White and Altha D. White, filed a rule to show cause in No. 12799 in the 21st Judicial District Court averring in substance that they they had paid $110.65 on September 14, 1963 which reduced the balance to $1585.69 despite which plaintiff failed to give credit when the judgment was obtained in this suit; alleging further that the judgment had been made executory in the Parish of East Baton Rouge and plaintiff had garnished defendant’s wages at the Plumble Oil and Refining Company, and since December 6, 1963, $57.44 bi-weekly had been held out of his wages; further averring the seizure of the collateral chattel mortgage note in this suit which was purchased by plaintiff at sheriff’s sale; that the plaintiff had filed suit in the Parish of East Baton Rouge on the said collateral chattel mortgage note; and, lastly alleging that they attempted to pay off the judgment and have the garnishment and suit in East Baton Rouge dismissed, which they allege plaintiff arbitrarily, capriciously, willfully and intentionally refused to give a correct balance due or accept a pay-off. Defendants and movers then asked for a rule nisi against plaintiff Securities Finance Company to show cause why they should not give an accounting for all funds paid to them by movers; why they should not give movers credit for all unearned discounted interest on said note; why they should not be ordered to accept a pay-off and dismiss the garnishment in Suit No. 98372, on the docket of the 19th Judicial District Court.
To this rule and motion plaintiff filed peremptory exception alleging some of the facts hereinabove set forth, and that this purported proceeding of the appellant is barred by res judicata, and the said defendants are attempting to re-try the proceedings set forth in Suit No. 12799 that resulted in the judgment of November 8, 1963, and further that the rule to show cause states no cause of action and that an accounting must be sought in a separate civil action, praying for an accounting the summary process is unauthorized therefor. They further allege in this exception if the defendants desire to pay off the judgment of November 8, 1963 they can do so through the office of the Sheriff who has the writ and where they can also obtain the accounting they seek, and therefore their proceedings herein states no cause of action for that additional reason. The exceptions were referred to the merits and plaintiff filed an answer to the rule to show cause denying in substance most of the allegations of defendants’ motion.
On June 1, the District Court rendered and signed a judgment overruling the exception and making the rule absolute ordering that the defendant in rule, Securities Finance Company to accept a pay-off on plaintiffs’ in rule account; that the defendant in rule give an accounting of all funds paid by plaintiff in rule; that plaintiff in rule be given credit on their account of all unearned discounted interest accruing after March 13, 1964, and ordering that the garnishment proceedings, Securities Finance Company Inc., v. Ogden Wise White and *398 Altha D. White No. 97375, 19th Judicial District Court against Ogden Wise White’s ■wages at Humble Oil and Refining Company be dismissed. Defendant in rule to pay all costs. From this judgment plaintiff has brought this appeal.
The appellant; sets forth the following specification of errors in his appeal:
“1.
“The trial judge erred in failing to maintain the peremptory exception of res judicata filed by plaintiff in response to defendants’ rule to show cause.
“2.
“The trial judge erred in failing to maintain the peremptory exception of no cause of action filed by plaintiff in response to the rule to show cause.
“3.
“The trial judge erred in failing to dismiss, recall and rescind the rule to show cause either upon the exceptions of plaintiff or for lack of evidence produced in support of the rule by defendants, or both.
“4.
“The trial judge erred in ordering plaintiff to accept a pay-off from defendants on their account.
“5.
“The trial judge erred in ordering plaintiff to give an accounting of all funds paid by defendants.
“6.
“The trial judge erred in ordering defendants be given credit on their account for all unearned discounted interest accruing after March 13, 1964.
“7.
“The trial judge erred in ordering that garnishment proceedings in an entirely different judicial district court jurisdiction be and was thereby dismissed.
“8.
“The trial judge erred in casting plaintiff with all costs of the rule filed by defendants.”
The appellant in his brief argues on what he anticipates the defendants, and plaintiff in rule, are urging, namely “the original plaintiff is not entitled to collect twice on the same debt.” This question is not an issue before us because the record in Suit No. 13324, Securities Finance Company, Inc., vs. Ogden Wise White and Altha D. White is not before us as this matter is still pending. This issue of the attempt to collect twice on the same debt should be determined in the trial of that case and all of defendants’ rights are fully reserved to them to defend that case, and seek to recover whatever relief they are entitled including their reconventional demand.
The only issue we can pass on in this case is the validity of the garnishment in East Baton Rouge Parish, under the judgment rendered in the original Suit No. 12799, which was recognized and made ex-ecutory in the Parish of East Baton Rouge.
There is no question but under the provisions of Articles 2781 and 2782 LSA-C.C.P. plaintiff herein has a right to have its judgment recognized and made ex-ecutory in the 19th Judicial District Court. This judgment when made executory in East Baton Rouge Parish may be executed and enforced immediately as if it had been a judgment of that Court, rendered in an ordinary proceeding.
We, therefore, believe when the defendants failed to amicably adjust the balance due on their original note of $1728.00 they should have gone into the 19th Judicial District Court, tendered the amount they claim is due and deposited it in the Registry of the Court, and then seek injunc-tive relief against any further proceedings. They would likewise have the right to urge whatever payments had been made since *399 the filing of the suit and to ask for an accounting. We do not see how they can return to the Court of original jurisdiction and .ask to stop garnishment proceedings filed in the 19th Judicial District Court.
The defendants in their behalf urge while the 21st Judicial District Court could not order the dismissal of the garnishment proceedings in the 19th Judicial District Court they could order the plaintiff to dismiss it. We cannot agree with this condition as we believe only the 19th Judicial District Court could dismiss its own garnishment proceedings.
The judgment rendered in this proceeding No. 12799 was rendered by default, and no appeal has been taken therefrom, and delays for appealing same have expired, insofar as the amount is concerned is now final and defendants’ only remedy would be a suit to annul on the grounds ■set forth in the Code of Civil Procedure.
It is obvious the reason the plaintiff and ■defendants could not get together on the "“pay-off” sought by the appellees herein is the fact that plaintiff is contending under their judgment they are entitled to payment of the balance of the original note of $1728.00, plus the amount still owing on the collateral note, which would be in effect collecting twice on the same debt. However, this issue is really not before us and we cannot pass on it until the appeal in Suit No. 13324 on the docket of the 21st Judicial District Court reaches us, if it ever does.
For these reasons, it is ordered that the judgment of the Lower Court be reversed and judgment rendered therein sustaining plaintiff’s plea of res judicata and no cause •of action herein, and dismissing defendants’ rule to show cause herein at their cost, with full reservation,, of defendants’ rights to take whatever action they deem proper in Suit No. 97375, 19th Judicial District Court and urge their defenses in Suit No. 13324, 21st Judicial District Court.
Reversed and rendered.